No. 26,835.

The State of Kansas, *Appellee,* v. Buster Goodman, *Appellant.*

SYLLABUS BY THE COURT.

1. Robbery—*Evidence—Sufficiency.* The evidence considered in a prosecution
for highway robbery and held sufficient to sustain the verdict and judgment.

2. Criminal Law — *Instructions as to Alibi — Necessity for Specific Request.*
The rule followed that error cannot be predicated upon failure to give a
special instruction on the law of alibi where no request was made therefor
to the trial court.

Appeal from Ford district court; Littleton M. Day, judge. Opinion filed
March 12, 1927. Affirmed.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-
general, and *E. C. Minner,* county attorney, for the appellee.

*Walter L. Bullock,* of Dodge City, for the appellant.

The opinion of the court was delivered by

Hopkins, J.:   The defendant was convicted of highway robbery,
and appeals.

The principal question presented is whether there was sufficient
evidence to sustain the verdict and judgment. The defendant con-
tends there was a total lack of his identification. The facts and
circumstances are substantially these: About 10:30 p. m., July 3,
1925, Allen Reeves, while walking along one of the residence streets
of Dodge City was stopped by four men in a Ford touring car. Two
men in the back seat, each masked, got out of the car and forced
the witness to get in. One of the men was smaller than the other.
The larger had a long blue-steel revolver; the smaller, a small nickel
revolver. Both were under the influence of intoxicating liquor. After
getting Reeves into the car, they drove to a cemetery west and north
of Dodge City where they robbed him, then brought him back to
town and released him about a city block from his home. The wit-
ness Reeves proceeded immediately to his home and telephoned the
police. Within fifteen or twenty minutes from the time he notified
the police, they arrested the defendant some fifteen or sixteen blocks
from the place where Reeves had been released. When arrested the
defendant and one Grady were in the back seat of a Ford car of the
same description as the car that had been occupied by the robbers.

Criminal Law, 16 C. J. pp. 1056 n. 20, 1058 n. 32.  Robbery, 34 Cyc. p. 1813
n. 5.

Defendant and Grady, at the time of the arrest, were under the influence of intoxicating liquor. Grady was somewhat taller and larger than the defendant. When arrested Grady had a long blue-steel revolver lying across his knee. It appeared to be the same size and character as the weapon held by the larger man when the robbery occurred. The following morning a nickeled revolver was found between the curb and the sidewalk near the point where the defendant was arrested. The testimony showed that the smaller man compared with the description of the man who held the nickled revolver at the time of the robbery; that a suitcase found in the car at the time of defendant's arrest contained shells and cartridges fitting both revolvers; also, that both Grady and the defendant had silver money upon their persons when arrested similar to that taken from the complaining witness. Defendant testified that at about 6 o'clock in the afternoon of July 3 the car in which he and five others were traveling was parked in front of a pool hall where he afterwards played pool; that four of the men were in the car and two standing alongside of it, in which position they drank two or three bottles of hair tonic, called Lilac de Franc; that it was broad daylight and on one of the principal streets of Dodge City; that they were not molested or interfered with; that the defendant became intoxicated upon such hair tonic. His testimony with reference to his whereabouts during or about the time of the robbery was so indefinite and uncertain that it no doubt led the jury to believe that he was not testifying truthfully. A claim that at the time of his arrest he and the others in the car were going into the country to sleep on the ground when it had been raining most of the evening was improbable, and perhaps had to do with the jury's disbelief of his entire story.

Under all of the circumstances we are not able to say that the evidence, together with the reasonable inferences to be drawn therefrom, was insufficient to support the verdict.

A contention is made that the court failed to instruct the jury on the law of alibi. The record discloses no request for such an instruction. Error cannot be predicated upon failure to give a special instruction unless request therefor was made to the trial court. (*State v. Woods*, 105 Kan. 554, 185 Pac. 21.)

The judgment is affirmed.